## Case No. 17,062.

### In re WALKER.

[1 N. B. R. 335 (Quarto, 67).] [1]

District Court, D. Massachusetts. 1868.

BANKRUPTCY—OATH OF ALLEGIANCE.

The oath of allegiance annexed to the debtor's petition may be taken before a register.

[In the matter of Andrew J. Walker, a bankrupt.]

LOWELL, District Judge. One of the creditors objects that all the proceedings have been irregular and void, because the oath of allegiance annexed to the debtor's petition was taken before Mr. Sherman, one of the registers in bankruptcy for this district. This objection affects not only this case but nearly all others in the district, because the clerk, finding no warrant in the law or rules for administering this preliminary oath, has carefully abstained from doing so, and the several registers have been relied on for this business. It is argued that by section 4 of the act [of 1867 (14 Stat. 519)], registers are empowered to administer oaths in proceedings before them, and that no case is before them until it has been referred to them, and that this expression of one power impliedly excludes all others of a similar kind. This argument has much weight, and if this were the whole law on the subject, might be controlling, but there are other sections applicable to this question. By section 11 every petitioner for the benefit of the act shall annex to his petition, a schedule, verified on oath before the court, or before a register in bankruptcy, or before one of the commissioners of the circuit court, of his debts, &c., and an inventory verified in like manner, of his estate, &c., provided that all citizens of the United States shall take and subscribe the oath now in question. It is not said in terms, that this oath may be taken in the same way as the others which are included in the same paragraph; but it would be no strained construction to hold that it is so intended. Again, by section 10 the supreme court have power by rule to regulate the duties of the several offices of the district courts, and generally for carrying the provisions of the act into effect, and they have established forms of petition, which by the rules we are required to follow, and in that form, this oath is to be taken before a judge, register, or commissioner. I cannot but conclude that the supreme court either considered that the law was to be construed to include registers, or that by virtue of their full powers to regulate the duties of officers and practice generally, they saw fit, as well they might, to give them that authority.

[1] [Reprinted by permission.]